UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CSX Transportation, Inc.**<br>　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc., Oldcastle Lawn & Garden, Inc., ABC Corporations 1-10, and John Does 1-10.**<br><br>　　　　　　　　　**Defendants.** | **CASE NO**: |

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Complaint against defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., and in support thereof, avers as follows:

## PARTIES

1.　Plaintiff, CSX Transportation, Inc. ("CSX") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business and domicile in Jacksonville, Florida.

2.　Defendant, CRH Americas, Inc., is a corporation organized under the laws of Delaware with its principal place of business and domicile in Atlanta, Georgia.

3.　Defendant, Bonsal American, Inc. f/k/a Oldcastle Retail, Inc. is a corporation organized under the laws of Delaware with its principal place of business and domicile in Charlotte, North Carolina.

1

4. Defendant, Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc. is a corporation organized under the laws of Delaware that is domiciled and registered to do business in North Carolina.

5. Defendant, Oldcastle APG South, Inc. is a corporation organized under the laws of the state of North Carolina, with its principal place of business and domicile in Greensboro, North Carolina.

6. Oldcastle Lawn & Garden, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business and domicile in Atlanta, Georgia.

7. Defendants, ABC Corporations 1-10, and defendants, John Does 1-10, are unknown corporations and/or individuals who owned, possessed, and/or controlled all or some of the parcels of real property located at or about 7772 US-74, Lilesville, NC 28091 (or if not associated with that address, that were used in connection with the mining operation located at or about said address) as of September 16, 2018.

8. Based upon information and belief, Oldcastle Lawn & Garden, Inc. is a division of Oldcastle APG South, Inc. Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., are subsidiaries, affiliates, and/or are substantially controlled by CRH Americas, Inc. All defendants referenced in paragraphs 2 through 7 will hereinafter be referred to collectively as "Oldcastle".

## JURISDICTION

9. Jurisdiction is based upon 28 U.S.C. § 1332 as plaintiff and defendants are citizens of different states, and the amount at issue exceeds jurisdictional requirements.

10. This Court has personal jurisdiction over the defendants because each of them conducted business in the State of North Carolina. Further, their ownership, possession, and/or control (directly and/or through their subsidiaries, affiliates, and/or agents) of all or some of the parcels of real property and/or the associated mining operation located at or about 7772 US-74, Lilesville, NC 28091 included acts or omissions targeting North Carolina and resulting in the September 16, 2018 washout of CSX's rail tracks and resulting derailment.

## VENUE

11. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

12. At all relevant times, Oldcastle owned, possessed, and controlled certain real property located at or about 7772 US-74, Lilesville, NC 28091 (the "Property").

13. At all relevant times, Oldcastle, and its agents and/or representatives, operated a facility on the Property that manufactures and supplies concrete masonry, dry mix, and hardscape products.

14. As of September 16, 2018, the Property featured one or more related and/or interconnected retention ponds and/or dams containing thousands of gallons of water (the "Pond").

15. CSX owns and maintains active railroad tracks (CSX's "right of way") adjacent to the Property.

16. Circumstances and the physical location of the Property were such that Oldcastle knew, or should have known, of CSX's adjacent right of way and the regular operation of trains

along the right of way, all of which were likely to be affected by the condition and maintenance of the Property.

17. On September 16, 2018, a train owned and operated by CSX was traveling from Charlotte, North Carolina, towards Hamlet, North Carolina.

18. Prior to and/or around the time CSX's train approached the Property, the levee and/or berm surrounding Oldcastle's Pond breached causing the release of thousands of gallons of water onto CSX's right of way.

19. Unbeknownst to CSX and as a result of the release, water along with mud and/or other debris traveled from Oldcastle's Property onto CSX's property and washed-out CSX's railroad tracks.

20. As a direct and proximate result of the failure of Oldcastle's Pond and the washout of CSX's railroad tracks, nine locomotives and six railcars derailed sustaining significant damage.

21. As a direct and proximate result of the washout and derailment, CSX's track structure was damaged and had to be repaired, and CSX's equipment and railcars were significantly damaged or destroyed beyond repair.

22. In addition, as a direct and proximate result of the derailment, CSX was unable to make use of its tracks or certain equipment for a period of time.

23. CSX was forced to engage outside contractors to assist with the response, repair, and remediation efforts.

24. CSX incurred significant costs associated with labor and materials required to clean up the derailment and to make repairs to the track, to repair CSX's equipment, and to repair or replace CSX's locomotives and railcars, in an amount in excess of $75,000.00.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE

25. CSX incorporates all preceding paragraphs as if fully set forth herein.

26. At all relevant times, it was foreseeable that if reasonable care was not exercised in managing the Pond and other water sources on Oldcastle's Property that water would flood CSX's adjacent right of way and damage CSX's property and ability to operate its railroad.

27. Oldcastle therefore owed a duty of care to CSX to avoid injury, harm, and/or damage to the persons and things present upon, possessing and/or using adjacent properties and to the adjacent properties themselves.

28. Oldcastle breached its duty in one or more of the following ways:

   a. Directing an unreasonable flow of water onto CSX's right of way;

   b. Failing to develop and/or implement a stormwater management plan and follow sound practices to mitigate the discharge of water onto adjacent properties, including CSX's right of way;

   c. Creating and operating an unsafe and illegal Pond;

   d. Failing to reasonably inspect, maintain, repair, and/or remove the Pond;

   e. Failing to prevent the failure of the Pond;

   f. Allowing the Pond and other waters to discharge onto CSX's right of way;

   g. Failing to act in light of foreseeable local weather conditions;

   h. Failing to act reasonably under the circumstances;

   i. Failing to warn CSX of the existence of the Pond, or that the Pond would fail under reasonably foreseeable conditions; and/or

j. Failing to comply with applicable laws and safety standards, including but not limited to the North Carolina Dam Safety Law of 1967.

29. On September 16, 2018, water from Oldcastle's Property flowed onto CSX's right of way, washing out CSX's track and causing a derailment of CSX's train.

30. The water flowing from Oldcastle's Property was caused, entirely or in part, by a breach in the levee and/or berm forming Oldcastle's retention Pond and/or other unsound water management practices on the Property.

31. As a direct and proximate result of Oldcastle's breach of its duties, CSX was damaged in an amount in excess of $75,000.00.

**WHEREFORE**, plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., in an amount in excess of $75,000.00, plus pre-judgment interest, and costs, together with any such other relief as the Court deems just and proper.

## COUNT II
### TRESPASS

32. CSX incorporates all preceding paragraphs as if fully set forth herein.

33. At all relevant times, CSX was the owner in possession of its right of way adjacent to the Property.

34. Oldcastle intentionally and/or negligently directed the release and spread of water, mud, and other debris from its Property onto CSX's right of way.

35. Oldcastle was not permitted to enter upon CSX's property and/or permitted to discharge water, mud, and/or other debris onto CSX's right of way.

36. As a direct and proximate result of the release of water, mud, and/or other debris from Oldcastle's Pond, CSX incurred damages in an amount in excess of $75,000.00.

**WHEREFORE**, plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., in an amount in excess of $75,000.00, plus pre-judgment interest, and costs, together with any such other relief as the Court deems just and proper.

## COUNT III
### NUISANCE

37. CSX incorporates all preceding paragraphs as if fully set forth herein.

38. Oldcastle maintained the Property, and altered the flow of water on the Property, in a manner that was unreasonable and harmful to CSX's adjacent right of way.

39. Oldcastle's creation and use of the Pond, alone and/or in combination with other uses of Oldcastle's Property, constituted an abnormally dangerous activity.

40. The release and spread of water, mud, and/or other debris from Oldcastle's Pond onto CSX's property substantially interfered with CSX's right to use its property.

41. The presence of water, mud and/or other debris from Oldcastle's Pond was unreasonable and without CSX's consent.

42. The release and spread of water, mud and/or other debris from Oldcastle's retention pond was caused by the intentional, reckless, and/or negligent acts and/or omissions of Oldcastle as detailed above.

43. As a direct and proximate result of the release of water, mud and/or other debris from Oldcastle's Pond, CSX incurred damages in an amount in excess of $75,000.00.

**WHEREFORE**, plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., in an amount in excess of $75,000.00, plus pre-judgment interest, and costs, together with any such other relief as the Court deems just and proper.

## COUNT IV
### NEGLIGENCE PER SE (IN THE ALTERNATIVE)

44. CSX incorporates all proceeding paragraphs as if fully set forth herein.

45. At all relevant times, Oldcastle owned, possessed, and/or operated the Pond which constituted an illegal dam in violation of the North Carolina Dam Safety Law of 1967 ("Dam Safety Law").

46. The Dam Safety Law is administered by the North Carolina Department of Environmental Quality ("NCDEQ") and governs the design, construction, inspection, maintenance, repair, and/or appropriate standards and safeguards required for the construction and/or operation of dams within the State of North Carolina for the protection of the public and adjacent landowners (including CSX).

47. Under the Dam Safety Law, Oldcastle's Pond is by definition a dam because it was erected to impound and/or divert water and does not qualify for any exemption.

48. Further, the Pond qualified as a high-hazard dam (or would have so qualified if its existence were not concealed from the NCDEQ), because the Pond was located directly above an active railroad right of way and the existence and/or failure of the Pond posed a threat to human life or property below the Pond.

49. The Pond violated the Dam Safety Act because it was improperly created and operated without the knowledge and oversight of the NCDEQ, and failed to comply with any

8

Case 3:21-cv-00480-GCM   Document 1   Filed 09/10/21   Page 8 of 11

provision or requirement of the Dam Safety Act, including requirements applicable to the design, construction, approval, maintenance, repair and/or routine inspection of the Pond.

50. The continued existence and operation of the Pond in violation of the Dam Safety Law constituted willful and wanton conduct and/or negligence per se.

51. Oldcastle's violation of the Dam Safety Law was a continuing violation, as Oldcastle's noncompliance was ongoing and civil and criminal penalties accrue by law on a daily basis.

52. As a direct and proximate result of Oldcastle's operation of the Pond as an illegal and unsafe dam, a water discharge occurred on or about September 16, 2018 causing a catastrophe on CSX's adjacent property and disrupting and endangering the established business of the railroad.

53. CSX's resulting damages include property damage and its costs to repair, remediate, and restore its property as required to resume its operations.

**WHEREFORE**, plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., in an amount in excess of $75,000.00, plus pre-judgment interest, and costs, together with any such other relief as the Court deems just and proper.

## COUNT V
### RES IPSA LOQUITUR (IN THE ALTERNATIVE)

54. CSX incorporates all proceeding paragraphs as if fully set forth herein.

55. At all times relevant and/or prior to September 16, 2018, Oldcastle had the exclusive control of the Pond and the manner of the operations of the Pond on the Property.

56. This derailment would not have occurred but for the negligence of Oldcastle in the construction, use, maintenance, operation and/or control of the Pond.

57. CSX's damages were caused by the negligence of Oldcastle that can be referred to and/or assumed under the doctrine of res ipsa loquitur.

**WHEREFORE**, plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., in an amount in excess of $75,000.00, plus pre-judgment interest, and costs, together with any such other relief as the Court deems just and proper.

## COUNT VI
### UNJUST ENRICHMENT (IN THE ALTERNATIVE)

58. CSX incorporates all proceeding paragraphs as if fully set forth herein.

59. The Property featured various man-made conditions, including the Pond and various roads and obstructions, which had the effect of changing the course and concentration of waters on the Property and of focusing and/or increasing the severity of their discharge onto CSX's right of way.

60. On or about September 16, 2018, these conditions of the Property caused water to damage CSX's right of way by washing out CSX's tracks and causing extensive property damage.

61. CSX's repair and restoration efforts conveyed a benefit upon Oldcastle.

62. Oldcastle has been unjustly enriched by its failure to pay costs incurred by CSX for repairs and restoration efforts on or affecting the Property.

63. Equity requires that Oldcastle be required to pay such costs incurred by CSX.

**WHEREFORE**, plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendants, CRH Americas, Inc., Bonsal American, Inc. f/k/a

Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle APG South, Inc. and Oldcastle Lawn & Garden, Inc., in an amount in excess of $75,000.00, plus pre-judgment interest, and costs, together with any such other relief as the Court deems just and proper.

Respectfully submitted,

**POPE AYLWARD SWEENEY & STEPHENSON**

s/ Andrew J. Santaniello
Andrew J. Santaniello, Esq.
NC State Bar No. 23532
Edward Sweeney, Esq.
6701 Carmel Road, Suite 105
Charlotte, NC 28226
Phone: (704) 374-1600
Facsimile: (704) 759-8966
Email: andys@passlawyers.com
Email: esweeney@passlawyers.com

**OF COUNSEL:**

**COHEN & PALOMBO, P.C.**

Jeffrey D. Cohen, Esq.
Eric C. Palombo, Esq.
125 Coulter Ave., Suite 1000
Ardmore, PA 19003
Phone: (215) 609-1110
Facsimile: (215) 609-1117
Email: jcohen@freightlaw.net
Email: epalombo@freightlaw.net

Date: September 10, 2021

*Attorneys for Plaintiff*
*CSX Transportation, Inc.*