# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# File No. 3:21-CV-00480-GCM

| | |
|---|---|
| CSX Transportation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Bonsal American, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Lawn & Garden, Inc., ABC Corporations 1-10, and John Does 1-10. <br><br> Defendants. | **PROTECTIVE ORDER** |

IT IS HEREBY ORDERED that the following Protective Order ("Order") shall govern the treatment of confidential documents, information or things (hereinafter "Material") produced by any party or non-party during discovery and pretrial proceedings in this litigation:

## Intent and Purpose

1. In accordance with the provisions set forth below, the Court intends that confidential information and documents produced, obtained, or exchanged during this action shall be used by the party to whom such documents are produced, obtained, or exchanged solely for the purpose of this lawsuit and for no other purpose.

## Designation of Confidential and Attorneys' Eyes Only Material

2. Any person or entity, including non-parties, producing Material in this litigation ("Producing Party") may designate Material produced or disclosed as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"as set forth herein. Material so designated shall be subject to the terms of this Order and shall be used only in connection with litigation between these parties. Any

1

copies that are made of such Materials shall show the designation, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of such Materials and do not otherwise disclose the substance of the confidential information are not required to show the designation.

3. Material produced or disclosed, or any portion thereof, may be designated as "CONFIDENTIAL" if the Producing Party has a good faith belief that the Material: (a) is commercially sensitive or proprietary in nature; (b) reveals trade secrets; (c) contains confidential personal information about a Producing Party's employer, employees, officers, members, shareholders and/or directors which the Producing Party regularly protects against disclosure in its usual course of business; (d) contains confidential business, technical, and financial information about a Producing Party's business; (e) contains information regarding a Producing Party's personal and/or business finances that is not ordinarily known by persons not employed by or closely affiliated with the Producing Party; (f) contains commercially sensitive or proprietary information, knowledge, or data that belongs to a non-party, or that is subject to an agreement containing a confidentiality clause executed by the Producing Party; or (g) otherwise contains confidential information the use of which shall be restricted to this litigation (hereinafter "Confidential Material"). Confidential Material may be so designated in whole or in part, as is appropriate under this Order. Information and documents that are available to the public may not be designated as "CONFIDENTIAL." If LocoCAM data is reproduced in any form or manner, each copy or portion of a copy thereof shall be numbered, and CSXT shall be notified of the number of copies made. The original and all such copies shall be returned to CSXT at the conclusion of this litigation.

4. Documents, initial disclosures, discovery responses, pleadings, filings, affidavits,

declarations, tangible evidence, deposition transcripts, or deposition testimony and exhibits shall be subject to the provisions of this Order if they have been designated clearly on their face as "CONFIDENTIAL". If Confidential Material contains multiple pages, a party may designate the entire document "CONFIDENTIAL" by designation on the first page of the document or Material.

5. Material produced or disclosed, or any portion thereof, may be designated as "ATTORNEYS' EYES ONLY" only if the Producing Party has a good faith belief that the Material requires an increased level of protection because the Material is of such a sensitive nature that a designation of "CONFIDENTIAL" will not adequately guard the sensitivity of such Material and/or that the Material is appropriate for attorneys' eyes only.

6. The parties' agreement to provide for the designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Material herein shall not be construed by any party as an agreement to produce such Material or as a waiver of any applicable objections to production (including, but not limited to, materiality, relevance, and privilege), and the parties expressly agree and acknowledge that they will not assert any such waiver.

7. Within thirty days (30) of receipt of deposition transcripts and exhibits, the deponent, the deponent's counsel, or any other party may, if not already done during the deposition, designate all or portions of a deposition transcript or exhibits as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Such designations made during the deposition or within thirty days (30) of receipt of the transcript shall remain in effect for the duration of this Order. If no such designations are made during the deposition or within thirty days (30) of receipt of the transcript, the transcript and/or exhibit will not be subject to the provisions of this Order. If any portion of a videotaped deposition is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order, the physical videocassette, DVD, CD-ROM, computer file, or other media shall be labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate. The court

reporter and videographer shall mark the face of the transcript or media appropriately. Again, nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and such designations shall remain in effect for the duration of this Order, and the court reporter shall mark the face of the transcript and/or exhibits appropriately in that event. The failure of the court reporter to mark the transcript or exhibit accordingly shall not affect the right of a party to designate all or portions of a transcript or exhibit "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

8. All Material appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", if filed with the Court, shall be filed under seal. Further, briefs that contain Confidential and/or Attorneys' Eyes Only Material shall also be filed under seal. Motions to seal shall be made in conformity with the Local Rules of the Western District of North Carolina, including Local Civil Rule 6.1. Finally, any portions of depositions that are brought under the "ATTORNEYS' EYES ONLY" level of protection shall be separated from the deposition transcript and shall be separately bound and designated.

## Use of Attorneys' Eyes Only Material

9. A Producing Party may designate Material produced or disclosed as "ATTORNEYS' EYES ONLY". Material may be so designated in whole or in part, as is appropriate, under this order. The only Material that will receive this designation, so as to provide an increased level of protection, is that Material which the Producing Party in good faith believes to be of such a sensitive nature that a designation of "CONFIDENTIAL" will not adequately guard the sensitivity of such Material and/or that the Material is appropriate for attorneys' eyes only.

10. Material designated as "ATTORNEYS' EYES ONLY" may only be disclosed to and used by persons in categories A-J, below.

A. The Court;

B. Court reporters (including audio and video);

C. Special masters;

D. Mediators;

E. Outside litigation counsel and in-house counsel for the respective parties in this litigation (including any commercial photocopying/imaging firms used by counsel, and including vendors retained by counsel to assist in preparing for pretrial discovery, trial, and/or hearings, including, without limitation, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials);

F. Direct staff of the foregoing persons (those listed in A through E);

G. Persons identified by the Material as an author or recipient;

H. Consulting or testifying experts who are not presently employees, officers, shareholders, or directors of the receiving party, such experts being retained by counsel in connection with the preparation of this case for trial or in connection with the trial of this case;

I. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and

J. Others specifically identified and authorized in writing by the Producing Party.

11. Counsel for the respective parties shall be responsible for providing a copy of this Order and informing any person listed in paragraph 9, subparts E and G-J, prior to disclosure of Attorneys' Eyes Only Material, that they are bound by the terms of this Order.

12. Nothing in this Order shall prevent a Producing Party from using or disclosing its own Attorneys' Eyes Only Material to the persons listed in paragraph 9, subparts E and G-J as the Producing Party deems appropriate without impairing the confidentiality obligations

5

imposed upon all other parties and persons subject to this Order. The use or disclosure of the other party's Attorneys' Eyes Only Material or information subject to this Order and in accordance with the terms of this Order shall not be construed to be a breach of any pre-existing obligation of confidentiality with respect to such information or Material.

13. Upon the assertion by counsel for any party or non-party during the course of a deposition upon oral examination that a question propounded calls for the oral disclosure of Attorneys' Eyes Only Material, all other parties and their representatives, except counsel, their direct staff, and other officers of the Court, shall be excluded from the deposition until the inquiry concerning such Attorneys' Eyes Only Material is concluded. The testimony so given shall be designated as "ATTORNEYS' EYES ONLY", as shall the portion of the transcript of the deposition concerning the information.

## Use of Confidential Material

14. Material designated as "CONFIDENTIAL" may only be disclosed to and used by persons in categories A-L, below.

    A. The Court;

    B. Court reporters (including audio and video);

    C. Special masters;

    D. Mediators;

    E. Outside litigation counsel for the respective parties in this litigation (including any commercial photocopying/imaging firms used by counsel and including vendors retained by counsel to assist in preparing for pretrial discovery, trial, and/or hearings, including, without limitation, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or in mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials);

F. Direct staff of the foregoing persons (those listed in A-E);

G. The parties, or their officers, directors or employees (including in-house counsel and including a party's liability insurer or claims administrator), as deemed necessary to aid in the prosecution, defense or settlement of this action;

H. Persons identified by the Material as an author or recipient;

I. Consulting or testifying experts who are retained by counsel in connection with the preparation of this case for trial or in connection with the trial of this case;

J. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

K. A witness at any deposition or other proceeding who is affiliated with the Producing Party or who was copied on, or who in response to preliminary questioning, which does not itself reveal the substance of material, testifies he or she was previously aware of the Material (such witness shall not retain a copy of the Materials, except that the witness may receive a copy in connection with the witness's review of the transcript); and

L. Others specifically identified and authorized in writing by the Producing Party.

15. Prior to disclosure of Confidential Material, counsel for the respective parties shall be responsible for providing a copy of this Order to, and informing any person listed in paragraph 14, subparts E and G-L, that they are bound by the terms of this Order.

16. Nothing in this Order shall prevent a Producing Party from using or disclosing its own Confidential Material as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order. The use or disclosure of the other party's Confidential Material or information subject to this Order and in accordance with the terms of this Order shall not be construed to be a breach of any pre-existing obligation of confidentiality with respect to such information or Material.

## Confidential Information Subpoenaed or Ordered Produced in Other Litigation

17. If a receiving party is served with a subpoena or an order in other litigation that would compel disclosure of any Material designated in this action as Confidential or Attorneys' Eyes Only, the receiving party must so notify the Producing Party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

18. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

19. The purpose of imposing these duties is to alert the party in the other action to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Confidential Material in the court from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this section remain in effect while the party has in its possession, custody, or control Confidential Material of the Producing Party to this case.

## Improperly Designated or Non-Designated Material

20. The inadvertent or unintentional failure by the Producing Party to properly designate Confidential or Attorneys' Eyes Only Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to the specific Material disclosed. Within a reasonable period of time following the Producing Party's discovery that Material was

not correctly designated, the Producing Party shall provide notice in writing to the other parties that the Material was inappropriately designated. The Producing Party shall then have fourteen (14) business days in which to redesignate and produce the properly designated Material. During those fourteen days after notice, the Material shall be treated as the Producing Party intended (i.e., "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY).  However, no party or third party bound by this Order shall be deemed to be in breach of this Order by reason of any use or disclosure of such Material that occurred prior to receiving the written notice of the confidential nature of the information.

21.     If a party reasonably believes that any Material should not have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", that party must specify, in writing, to the Producing Party: (a) the Material at issue and (b) the grounds for questioning the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation.  The party questioning the designation and the Producing Party must confer in good faith to attempt to resolve the designation without the Court's intervention.  Upon written notice to the Producing Party that the disagreement with respect to the designation cannot be resolved informally, the Producing Party has ten (10) business days to move the Court for a protective order approving the Producing Party's designation. If a motion to preserve the designation is not timely made after the written notice, the designation will no longer apply.  During the notice period, and until the Court rules if a motion is filed, the challenged designation, as originally marked by the Producing Party, shall remain in effect.  A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

22.     Production of Confidential Material for the purpose of inspection and copying

9

Case 3:21-cv-00480-GCM   Document 51   Filed 09/12/22   Page 9 of 14

shall not constitute a waiver of confidentiality. If Material produced for purposes of inspection and copying has not been designated prior to inspection, the Producing Party shall advise the inspecting party in writing that the Material should be treated as intended (i.e., "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") until such time as the Producing Party produces properly designated copies of the Material. Producing Parties must designate Material (which was produced initially for the purposes of inspection and copying) as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of actual production.

**Attorney-Client Privileged and/or Confidential Work Product Materials**

23. The Parties agree to the following limitations on their privilege log obligations in this case:

(a) The parties may omit from their privilege log any communications containing legal advice and/or work product of outside counsel and in-house counsel relating to Plaintiff CSX's claims against Defendants and Defendant's claims against Plaintiff CSX at issue in this case;

(b) With respect to any documents redacted or withheld by Plaintiff CSX from production in the Lloyd's v. CSX civil action or in the two civil actions in South Carolina state court involving Matthew Gambrell (in one case) and William Detreville (in the other case), Plaintiff CSX may omit such documents from its privilege logs in this case and instead serve the Defendants with copies of all privilege logs that were provided by the Plaintiff CSX in the Lloyd's v. CSX civil action, and the two civil actions in South Carolina involving Matthew Gambrell (in one case) and William Detreville (in the other case); and

(c) The Parties further agree that nothing in this Order shall constitute an admission as to the relevance or discoverability of any document, communication, or information. And nothing in this Order shall be considered a waiver as to any other objections either party may have with respect to any discovery request they receive in this litigation.

(d) The Parties further agree that each privilege log with respect to any documents/communications not exempt per (a) – (c) above shall contain the following fields and categories of information: (i) bates number or other unique identification number; (ii) date of the document, if known; (iii) in the case of non-email documents, the author(s) and recipient(s) of each document; (iv) in the case of email communications, all recipients in the "To:" field, the sender in the "From:" field, all carbon copy and blind carbon copy recipients listed in the "cc:" and "bcc:" fields; (v) a generalized, non-privileged description of the nature and subject of the document; (vi) the privilege(s) pursuant to which the document has been redacted or withheld; and (vii) whether the document has been redacted or withheld from production entirely.

(e) The Parties agree to serve privilege logs within thirty (30) days after producing documents in response to a written request for production, which deadline may be adjusted by agreement of the parties or by order of the Court for good cause shown.

## Trial

24. For the parties:

    A. The procedures to be used at trial for Material designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" and produced during discovery by the parties shall be set by the Court immediately preceding the commencement of trial, and nothing herein shall govern those procedures; however, the parties may by motion

seek leave of the Court, as appropriate, to set conditions for the disclosure during the trial of any Material designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY".

25. For non-parties:

    B. Material designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" and produced during discovery by non-parties shall be used subject to the procedures set by the Court and/or the parties as set forth in preceding paragraph 24, subpart A. However, non-parties whose Confidential Information is produced in this litigation may also by motion seek leave of the Court, as appropriate, to set conditions for the disclosure during the trial of any Material designated "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY", provided that non-party has previously entered into an agreement containing a confidentiality clause that governs said Material with one of the Parties. Notwithstanding any other provision herein, Material produced by non-parties, however designated, may be disclosed to members of the jury during trial and any related deliberations.

**<u>Termination of Action</u>**

26. After termination of this action, entry of a final judgment, whether by trial, appeal, settlement or otherwise, and after the termination of all appeals, and the time to file any further appeals has passed, the provisions of this Order with respect to the use and dissemination of Confidential or Attorneys' Eyes Only Material shall continue to be binding, and all copies of any Confidential or Attorneys' Eyes Only Material received by the parties

or their counsel shall, upon request of the Producing Party, be returned to the Producing Party or destroyed to the extent possible within sixty (60) days, including the return or destruction of all electronically stored data or records. The Producing Party shall specify, by written notice, whether copies of Confidential or Attorneys' Eyes Only Material shall be returned or destroyed. To the extent return, destruction, or deletion of electronically stored materials is not possible, or to the extent a statute, regulation, or rule requires the materials to be retained, the receiving party and its counsel shall continue to treat Confidential or Attorneys' Eyes Only Material in a manner consistent with this Order. Following termination of this litigation, the Court shall retain jurisdiction over the parties and recipients of Confidential or Attorneys'' Eyes Only Material in order to enforce the provisions of this Order. Notwithstanding the foregoing, counsel for the respective parties may retain their file copies of all Court filings, pleadings, deposition and hearing transcripts, exhibits, correspondence and privileged attorney work product they have created which incorporates the Confidential Material, provided that counsel continue to treat Confidential or Attorneys' Eyes Only Material in a manner consistent with this Order.

27. The entry of this Protective Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony, electronic data or things.

28. Upon completion of litigation, this Protective Order shall remain in force and effect until modified, superseded or terminated by final order of the Court, which shall control

the ultimate disposition of protected materials produced by the Parties. With respect to LocoCAM data, upon final determination or resolution of this action, the LocoCAM data and all copies shall be promptly returned to counsel for CSX.

29. If the Court determines that any party has violated the terms of this Order, it may impose sanctions against that party as it deems appropriate. Further, any violation of the terms of this Order, and/or any improper disclosure or use of any document, electronic data, information, or discovery Material designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" (including, without limitation, any information contained therein or derived therefrom), may cause irreparable harm to one or more of the parties to this Order and may permit the Court to award any appropriate relief to a party, including without limitation, injunctive relief and/or an award of damages, costs, and/or Attorneys' fees.

30. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

Signed: September 12, 2022

Graham C. Mullen
United States District Judge