UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                   CIVIL ACTION NO. 3:21-cv-00480

BONSAL AMERICAN, INC.
*formerly known as* Oldcastle Retail, Inc.,
OLDCASTLE BUILDING PRODUCTS INC.
*formerly known as* Oldcastle Retail, Inc.,
OLDCASTLE LAWN & GARDEN, INC.,
JOHN DOES 1-10, and
ABC CORPORTATIONS 1-10

    Defendants.

## **ORDER**

Pending is Plaintiff CSX Transportation, Inc.'s ("CSX") Motion in Limine to Exclude Evidence and Testimony Regarding CSX Design and Reconstruction of its Track [ECF 198], filed June 23, 2025. Defendants Bonsal American, Inc. f/k/a., Oldcastle Retail, Inc., Oldcastle Building Products, Inc. f/k/a Oldcastle Retail, Inc., Oldcastle Lawn & Garden, Inc.'s ("Defendants") responded in opposition [ECF 223], on June 30, 2025.

CSX seeks to exclude evidence concerning CSX's design and reconstruction of its tracks, including its decision regarding whether to install permanent structures related thereto. In view of the Court's preemption ruling, CSX contends this evidence is irrelevant and in the nature of an inadmissible, subsequent remedial measure. Moreover, CSX asserts, "even assuming *arguendo* that Oldcastle can demonstrate a relevant, non-preempted purpose, the Court should prohibit Mr. Lewis from presenting this evidence under the guise of an expert opinion." [ECF 199 at 5].

Defendants assert "[e]vidence that CSX did not construct robust stormwater control and enhanced scour (washout) prevention features through and along the reconstructed railroad embankment is not evidence of a subsequent remedial measure." [ECF 223 at 1-2]. Regarding preemption, Defendants assert they

> [do] not intend to introduce such evidence to prove that CSX was negligent in managing or governing its rail operations or that CSX violated any standard of care in how it reconstructed the trackbed or that it should have reconstructed the trackbed differently or that CSX is in any way negligent in the way in which it reconstructed the trackbed. Rather, the evidence is relevant to the issue of proximate cause.

[*Id*. at 3]. They suggest the "evidence does not go, directly or indirectly, to CSX's culpability; rather it shows Oldcastle's lack of culpability. That does not constitute unfair prejudice." [*Id*.].

First, Mr. Lewis has been permitted to testify as an expert. Thus, CSX's contentions regarding his testimony are meritless. [*See generally* ECF 234 at 22-24]. Next, regarding preemption, Defendants should be afforded the opportunity to offer, at trial, a non-preempted purpose. Disposition thus awaits trial, when the context and setting will appear with greater precision. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE**. [**ECF 198**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 14, 2025

Frank W. Volk
Chief United States District Judge